**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| Stacy A. Caudle, | ) | |
|         Plaintiff, | ) | |
| | ) | Case No. 18 CV 50019 |
|     v. | ) | |
| | ) | Judge Philip G. Reinhard |
| DeKalb County, Illinois, et al., | ) | |
| | ) | |
|         Defendants. | ) | |

**ORDER**

For the following reasons, the court grants defendants DeKalb County, DeKalb County Sheriff's Department, and former DeKalb County State's Attorneys Clay Campbell and Richard Schmack's motion to dismiss [18] without prejudice. Plaintiff is given until May 31, 2019, to file an amended complaint if he so chooses. If plaintiff fails to file an amended complaint by May 31, 2019, this case will be dismissed as against all DeKalb County defendants.

**STATEMENT-OPINION**

Plaintiff Stacy A. Caudle filed a *pro se* complaint on January 22, 2018, against DeKalb County, DeKalb County Sheriff's Department, former DeKalb County State's Attorneys Clay Campbell and Richard Schmack ("DeKalb County defendants"), John Christenson Trucking, Diamond Leasing, and Creek County (Oklahoma) Sheriff's Department [1]. The suit is brought under 42 U.S.C. § 1983. The DeKalb County defendants filed a motion to dismiss plaintiff's complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) [18]. Plaintiff filed a response to defendants' motion on April 5, 2019 [33]. Defendants declined to file a reply. The motion is ripe for the court's review.

    A.    **Standard of Review**

When evaluating a Rule 12 (b)(6) motion to dismiss, the court must "accept[] all well-pleaded facts as true and draw[] all reasonable inferences in favor of the . . . non-moving parties." *Bonnstetter v. City of Chicago*, 811 F.3d 969, 973 (7th Cir. 2016) (internal citations omitted). "A Rule 12(b)(6) motion challenges the sufficiency of the complaint itself." *Id.* "To state a claim, a complaint must first provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (citing FED. R. CIV. P. 8(a)(2)). "The statement of the claim must sufficiently give 'fair notice of what the ... claim is and the grounds upon which it rests' to the defendants." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To state a claim for relief, a complaint must provide more than 'abstract recitations of the elements of a cause of

action or conclusory legal statements.' *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Instead, a plausible claim must include 'factual content' sufficient to allow the court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)." *Charleston v. Board of Trustees of University of Illinois at Chicago*, 741 F.3d 769, 772 (7th Cir. 2013). When ruling on a Rule 12(b)(1) motion to dismiss, the court may look outside the allegations in the complaint and consider any evidence that has been submitted on the issue of jurisdiction. *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). "[I]f a plaintiff cannot establish standing to sue, relief…is not possible, and dismissal under 12(b)(1) is the appropriate disposition." *Am. Fed'n of Gov't Employees v. Cohen*, 171 F.3d 460, 465 (7th Cir. 1999).

### B. Background

Plaintiff's complaint alleges, as far as the court can discern, defendants violated his civil rights by failing to present proof or witnesses in support of his underlying conviction (for failure to register as a sex offender and for a revocation of probation), and "only a timeline of past crimes [was] given to convict" [1]. He alleges defendants acted knowingly, intentionally, willfully, and maliciously. *Id.* Plaintiff further alleges his damages include a requirement of probation and counseling, a loss of business and employment, as well as stress and health problems. *Id.*

### C. Analysis

Defendants offer multiple theories in support of their motion to dismiss. The first is that to the extent plaintiff has brought forth a claim under 42 U.S.C. § 1983 related to his arrest, this claim would be barred by the statute of limitations.

In claims brought under Section 1983, courts look to the law of the state in which the personal injury occurred to determine the statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Regains v. City of Chicago*, 918 F.3d 529, 533 (7th Cir. 2019). "Under Illinois law, a plaintiff must bring a personal injury action within two years after its accrual." *Id*. A personal injury claim "accrues" "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Serino v. Hensley*, 735 F.3d 588, 591 (7th Cir. 2013). A claim for false arrest accrues once the plaintiff is detained (or released) as a result of the lawful process. *Wallace*, 549 U.S. at 390-91.[1] Here, plaintiff asserts in his complaint he was arrested on March 1, 2011. As he filed his complaint on January 22, 2018, plaintiff has failed to bring any claim for false arrest within the applicable statute of limitations period.

To the extent plaintiff brings a federal claim of malicious prosecution, this claim is brought within the applicable time frame. A cause of action for malicious prosecution

---

[1] In his one-page response brief to defendants' motion for summary judgment, plaintiff argues the *Wallace* court held that the statute of limitations begins to run **not** "from the time of arrest, but…at the end of all legal remidies [*sic*] have been exhausted [*sic*]." This is a misreading of *Wallace* and does not represent the law on the statute of limitation in unlawful arrest claims.

"does not accrue until the criminal proceedings have terminated in the plaintiff's favor." *Heck v. Humphrey*, 512 U.S. 477, 489 (1994); *Regains*, 918 F.3d at 533-34. According to documents filed by defendants in support of their motion, plaintiff's conviction was overturned by the Illinois Appellate Court on February 17, 2016, and his case dismissed by the trial court on April 20, 2016. Since he filed his federal claim on January 22, 2018, plaintiff was well within the two year statute of limitations. However, plaintiff cannot sustain an action for malicious prosecution under Section 1983 if a state remedy exists. *See Parish v. City of Chicago*, 594 F.3d 551, 554 (7th Cir. 2009) ("the due process clause does not support the constitutional tort of malicious prosecution if state law provides a parallel remedy"). As Illinois does provide a remedy for a malicious prosecution claim (*see Swick v. Liautaud*, 169 Ill.2d 504 (1996)), plaintiff cannot sustain his federal claim.

Next, defendants argue defendants Campbell and Schmack should be dismissed in their individual capacity because plaintiff has failed to allege personal involvement in his constitutional tort. The court agrees. "[A]n *individual* cannot be held liable in a § 1983 action unless he caused or participated in the alleged constitutional deprivation." *Grieveson v. Anderson*, 538 F.3d 763, 778 (7th Cir. 2008) (emphasis in original) (citation omitted); *Zentmyer v. Kendall County, Ill.*, 220 F.3d 805, 811 (7th 2000) (Liability under Section1983 arises only when the plaintiff can show that the defendant was "personally responsible for a deprivation of a constitutional right."). Plaintiff's complaint contains no facts to support a position that defendants Campbell or Schmack had personal involvement in plaintiff's alleged constitutional deprivation. Additionally, defendants' positions as former State's Attorneys for DeKalb County likewise provide no basis for liability. "[T]he doctrine of *respondeat superior* does not apply to § 1983 actions; supervisors may be held liable only if they caused or participated in the alleged constitutional violation." *Thomas v. Sheahan*, 499 F.Supp.2d 1062, 1093 (N.D. Ill. Aug. 15, 2007) (citing *Chavez v. Ill State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Any claim against defendants Campbell and Schmack in their personal capacity fails.

Defendants also argue any claims against defendants Campbell and Schmack in their official capacities are barred by the Eleventh Amendment. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Therefore, to the extent plaintiff has brought suit against Campbell and Schmack in their official capacities as former DeKalb County State's Attorneys, the suit is legally brought against the state office. And as noted by defendants, "[t]he Eleventh Amendment prohibits federal courts from deciding suits brought by private litigants against states or their agencies, and that prohibition extends to officials acting in their official capacities." *Garcia v. City of Chicago*, 24 F.3d 966, 969 (7th Cir. 1994). Since state's attorneys are state, not county, officials (*see Ingemunson v, Hedges*, 133 Ill.2d 364 (1990)), plaintiff's suit against Campbell and Schmack is not providently brought and is dismissed under FED. R. CIV. P. 12(b)(1) as lacking subject-matter jurisdiction.

Finally, any claims plaintiff has sought to bring against DeKalb County and the DeKalb County Sheriff's Office in his complaint cannot proceed. "[A] municipality's liability for a constitutional injury requires a finding that the individual officer is liable on

3

the underlying substantive claim." *Treece v. Hochstetler*, 213 F.3d 360, 364 (7th Cir. 2000) (citation omitted). Plaintiff has failed to properly allege a policy, custom, or practice in DeKalb County that contributed to his alleged constitutional violation under the holding of *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978). "*Monell* expressly holds that there is no cause of action for *respondeat superior* liability against a municipal corporation under 42 U.S.C. § 1983." *Treece*, 213 F.3d at 364 (citation omitted). Plaintiff has failed to plausible plead a *Monell* claim.

      The court grants defendants DeKalb County, DeKalb County Sheriff's Department, and former DeKalb County State's Attorneys Clay Campbell and Richard Schmack's motion to dismiss [18] without prejudice. Plaintiff is given until May 31, 2019, to file an amended complaint if he so chooses. If plaintiff fails to file an amended complaint by May 31, 2019, this case will be dismissed as against all DeKalb County defendants.

Date: 04/30/2019          ENTER:

                                                  */s/ Philip G. Reinhard*
                                        United States District Court Judge

                                                      Notices mailed by Judicial Staff. (LC)