IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Stacy Caudle, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 18 CV 50019 |
| v. ) | |
| ) | Judge Philip G. Reinhard |
| DeKalb County, Illinois, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

For the following reasons, the court grants defendants DeKalb County Sheriff's Office, DeKalb County State's Attorney's Office, and former DeKalb County State's Attorneys Clay Campbell and Richard Schmack's motion to dismiss [45] with prejudice. The court grants defendant Creek County Sheriff's Office motion to dismiss [52] with prejudice. This case is terminated.

## STATEMENT-OPINION

Plaintiff Stacy Caudle filed a *pro se* complaint on January 22, 2018, against DeKalb County, DeKalb County Sheriff's Department, former DeKalb County State's Attorneys Clay Campbell and Richard Schmack ("DeKalb County defendants"), John Christenson Trucking, Diamond Leasing, and Creek County (Oklahoma) Sheriff's Department [1]. The suit was brought under 42 U.S.C. § 1983. On December 10, 2018, the DeKalb County defendants filed a motion to dismiss plaintiff's complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) [18]. On April 30, 2019, the court entered an order granting DeKalb County defendants' motion to dismiss with leave to file an amended complaint [39]. Plaintiff's *pro se* amended complaint was filed on May 31, 2019 [41].[1] DeKalb County defendants have filed a motion to dismiss plaintiff's amended complaint [45], as has Creek County Sheriff's Department [52].[2] These motions are fully briefed and ready for the court's review.

---

[1] Plaintiff's amended complaint does not name DeKalb County, Illinois as a defendant.

[2] Plaintiff has not filed a proof of service on defendants John Christenson Trucking and Diamond Leasing. Federal Rule of Civil Procedure 4(m) allows a plaintiff 90 days after the filing of the complaint to effect service upon a defendant. On June 7, 2019, plaintiff was granted an extension of time to serve the defendants [44]. To date, plaintiff has failed to file a proof of service. On October 29, 2019, plaintiff filed a report with the court indicating John Christenson Trucking and Diamond Leasing "refused to except [sic] the sumons [sic]." To the extent plaintiff is making an argument of evasion of service, this is insufficient. *Mid-Continent Wood Products, Inc. v. Harris*, 936 F.2d 297, 303 (7th Cir. 1991). "Valid service of process is a must in order to assert personal jurisdiction over a defendant." *Id*. Service aside, the court dismisses defendants John Christenson Trucking and Diamond Leasing *sua sponte* because the motions to dismiss filed by other defendants raise arguments that apply equally to all defendants and plaintiff had adequate opportunity to respond. *See Malak v. Assoc. Physicians, Inc.*, 784 F.2d 277, 280 (7th Cir. 1986).

**Standard of Review**

When evaluating a Rule 12 (b)(6) motion to dismiss, the court must "accept[] all well-pleaded facts as true and draw[] all reasonable inferences in favor of the . . . non-moving parties." *Bonnstetter v. City of Chicago*, 811 F.3d 969, 973 (7th Cir. 2016) (internal citations omitted). "A Rule 12(b)(6) motion challenges the sufficiency of the complaint itself." *Id.* "To state a claim, a complaint must first provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (citing FED. R. CIV. P. 8(a)(2)). "The statement of the claim must sufficiently give 'fair notice of what the ... claim is and the grounds upon which it rests' to the defendants." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To state a claim for relief, a complaint must provide more than 'abstract recitations of the elements of a cause of action or conclusory legal statements.' *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Instead, a plausible claim must include 'factual content' sufficient to allow the court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)." *Charleston v. Board of Trustees of University of Illinois at Chicago*, 741 F.3d 769, 772 (7th Cir. 2013). When ruling on a Rule 12(b)(1) motion to dismiss, the court may look outside the allegations in the complaint and consider any evidence that has been submitted on the issue of subject-matter jurisdiction. *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). "[I]f a plaintiff cannot establish standing to sue, relief…is not possible, and dismissal under 12(b)(1) is the appropriate disposition." *Am. Fed'n of Gov't Employees v. Cohen*, 171 F.3d 460, 465 (7th Cir. 1999). A Rule 12(b)(2) motion to dismiss challenges personal jurisdiction. The plaintiff has the burden of establishing a prima facie showing of personal jurisdiction in a motion to dismiss. *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). Also, "[i]t is axiomatic that pro se pleadings should be construed liberally." *Donaldson v. City of Chicago*, 748 Fed. App'x. 957, 959 (7th Cir. 2019) (citing *Terry v. Spencer*, 888 F.3d 890, 893 (7th Cir. 2018)).

**Background**

Plaintiff's amended complaint attempts to bring forth, as far as the court can discern, claims of wrongful conviction, malicious prosecution, violation of due process, conspiracy, false arrest, false imprisonment, violation of double jeopardy, discrimination, and RICO Act claims.

The factual basis included in plaintiff's complaint is very sparse and difficult to understand. Plaintiff states he was "found guilty with no evidence present, only the reading of a time line of defendant[']s past," presumably referring to his underlying state court criminal case. The plaintiff appears to allege that his state court criminal conviction was overturned by the Second District Appellate Court of Illinois. Once his conviction was overturned, defendants John Christenson Trucking, Diamond Leasing, and Creek County, Oklahoma (sheriff's office, presumably) conspired to arrest him. Plaintiff further alleges his right to protection from double jeopardy was violated when, as far as the court can understand, the prosecution in his state criminal case used a "time line" which included his 1990 conviction for a sex offense even though the crime was failure to register as a sex offender. Plaintiff also mentions the RICO Act, yet plaintiff's complaint fails to flesh out any argument as to this claim. All defendants ask the court to dismiss plaintiff's complaint in its entirety for a variety of reasons.

In the court's April 30, 2019 opinion dismissing plaintiff's original complaint, the court construed plaintiff's claims as brought under 42 U.S.C. § 1983 for false arrest and malicious

2

prosecution. The court further dismissed any claim brought against DeKalb County and the DeKalb County Sheriff's Office as failing to allege an unconstitutional policy or practice under *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978). In his amended complaint, plaintiff has alleged more claims but less facts. The court does not find, as set out below, that plaintiff has cured the defects present in his original complaint, nor does the court find that plaintiff's additional claims have merit.

**Analysis**
    **DeKalb County defendants' motion to dismiss**
    DeKalb County defendants argues, as they did in their first motion to dismiss, that to the extent plaintiff has brought forth a claim under 42 U.S.C. § 1983 related to his arrest, this claim would be barred by the statute of limitations. The court agrees.

    In claims brought under Section 1983, courts look to the law of the state in which the personal injury occurred to determine the statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Regains v. City of Chicago*, 918 F.3d 529, 533 (7th Cir. 2019). "Under Illinois law, a plaintiff must bring a personal injury action within two years after its accrual." *Id*. A personal injury claim "accrues" "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Serino v. Hensley*, 735 F.3d 588, 591 (7th Cir. 2013). A claim for false arrest accrues once the plaintiff is detained as a result of the lawful process. *Wallace*, 549 U.S. at 390-91. A claim for false imprisonment (wrongful detention) accrues upon release from custody. *Manuel v. City of Joliet*, 903 F.3d 667, 670 (7th Cir. 2018). In his original complaint, plaintiff asserted he was arrested on March 1, 2011. Court records reveal plaintiff was released on bond March 4, 2011.[3] Plaintiff has failed to provide any information in his amended complaint to support a position that by filing his original complaint on January 22, 2018, he has sufficiently brought claims for false arrest or false imprisonment within the applicable statute of limitations period. Nor has plaintiff provided the court with any legal argument in his response brief to counter defendants' argument. The court finds plaintiff's false arrest and false imprisonment claims barred by the statute of limitations.

    Plaintiff alleges a claim of malicious prosecution in his amended complaint, as he did in his original complaint. This claim is brought within the applicable time frame. A cause of action for malicious prosecution "does not accrue until the criminal proceedings have terminated in the plaintiff's favor." *Heck v. Humphrey*, 512 U.S. 477, 489 (1994); *Regains*, 918 F.3d at 533-34. According to documents filed by defendants in support of their motion (as they did in their first motion to dismiss), plaintiff's conviction was overturned by the Illinois Appellate Court on February 17, 2016, and his case dismissed by the trial court on April 20, 2016. Since he filed his federal claim on January 22, 2018, plaintiff was within the two-year statute of limitations period. However, as the court noted in its first order dismissing plaintiff's claim, plaintiff cannot sustain an action for malicious prosecution under Section 1983 if a state remedy exists. *See Parish v. City of Chicago*, 594 F.3d 551, 554 (7th Cir. 2009) ("the due process clause does not support the constitutional tort of malicious prosecution if state law provides a parallel remedy"). Plaintiff has failed to provide any factual or legal argument in response to this in either his amended complaint or his response brief. Plaintiff's citation to *Nally v. Ghosh*, 799

---

[3] Court can take judicial notice of public court documents in motion to dismiss. *Ennenga v. Starns*, 677 F.3d 766, 773-74 (7th Cir. 2012).

F.3d 756 (7th Cir. 2015), is not on-point.  *Nally* is not a suit brought under a federal or state malicious prosecution theory.  As Illinois does provide a remedy for a malicious prosecution claim (*see Swick v. Liautaud*, 169 Ill.2d 504 (1996)), plaintiff cannot sustain his federal claim.

      Plaintiff's due process and double jeopardy claims fair no better.  Plaintiff appears to allege in his complaint that the lack of evidence presented at his trial violated his due process rights.  However, the Seventh Circuit has held that "the burden of appearing in court and attending trial, in and of itself, [does not] constitute a deprivation of liberty.  It would be anomalous to hold that attending a trial deprives a criminal defendant of liberty without due process of law, when the purpose of the trial is to *effectuate* due process."  *Alexander v. McKinney*, 692 F.3d 553, 557 n.2 (7th Cir. 2012) (emphasis in original).  *See also Saunders-El v. Rohde*, 778 F.3d 556, 560-61 (7th Cir. 2015).  Additionally, neither plaintiff's complaint nor his response brief provides the basis for a deprivation of liberty argument; therefore, his claim sounds more in malicious prosecution rather than due process.  *Bianchi v. McQueen*, 818 F.3d 309, 319-20 (7th Cir. 2016).  And as noted above, state law provides plaintiff with a remedy for the tort of malicious prosecution.  Plaintiff has not sufficiently alleged a violation of due process claim.  As to plaintiff's double jeopardy claim, plaintiff has alleged no facts in his amended complaint to support such a claim.  Plaintiff was found guilty of unlawful failure to register as a sex offender as well as a violation of probation.  His conviction was overturned by the appellate court.  Plaintiff seems to allege in his amended complaint that a charge for failure to register implicates double jeopardy regarding his prior conviction of a sexual offense in state court.  As argued by defendants in their motion to dismiss, the double jeopardy clause protects against three types of violations: "prosecuting a defendant again for the same conduct after an acquittal; prosecuting a defendant for the same crime after conviction; and subjecting a defendant to multiple punishments for the same crime."  *Garrity v. Fiedler*, 41 F.3d 1150, 1151-52 (7th Cir. 1994).  None of these violations describe plaintiff's case history.  Plaintiff's amended complaint is insufficient to support a double jeopardy claim.

      Plaintiff also alleges the DeKalb County defendants conspired with defendants John Christenson Trucking and Diamond Leasing to prosecute him and discriminate against him.  A conspiracy claim requires that plaintiff establish "(1) the existence of a conspiracy; (2) a purpose of depriving a person…of the equal protection of the law; (3) an act in furtherance of a conspiracy; and (4) an injury to a person or property or a deprivation of a right or privilege granted to U.S. citizens."  *McCurry v. Kenco Logistics Services, LLC*, 942 F.3d 783, 790 (7th Cir. 2019) (citing *Hernandez v. Joliet Police Dep't*., 197 F.3d 256, 263 (7th Cir. 1999)).  In his amended complaint, plaintiff provides no factual basis to establish the existence of a conspiracy.  Plaintiff has failed to satisfy the standards of *Iqbal* and *Twombley* by only providing conclusory legal statements and insufficient factual content to properly plead a conspiracy claim.

      Additionally, any claims plaintiff has sought to bring against the DeKalb County Sheriff's Office and the DeKalb County State's Attorney's Office in his amended complaint cannot proceed.  In his response brief, plaintiff appears to argue that since defendants Campbell and Schmack were paid by DeKalb County, DeKalb County (or presumably the sheriff's office and/or state's attorney's office) could be held accountable for the individuals' actions.  Putting aside the fact that in his amended complaint plaintiff has dropped DeKalb County as a plaintiff, plaintiff has failed to properly allege a policy, custom, or practice that contributed to his alleged

constitutional violation under the holding of *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978). Additionally, "*Monell* expressly holds that there is no cause of action for *respondeat superior* liability against a municipal corporation under 42 U.S.C. § 1983." *Treece*, 213 F.3d at 364 (citation omitted). Plaintiff has again failed to plausible plead a *Monell* claim.

Plaintiff has failed to respond to DeKalb County defendants' additional arguments that Campbell and Schmack had no personal involvement in the alleged constitutional violations, they enjoy absolute immunity, the official capacity claims are barred by the Eleventh Amendment, and that there is no plausible discrimination or civil RICO claims. The court finds plaintiff has waived these arguments by failing to respond. As the Seventh Circuit has held: "Longstanding under our case law is the rule that a person waives an argument by failing to make it before the district court. We apply that rule where a party fails to develop arguments related to a discrete issue, and we also apply that rule where a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss." *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) (citations omitted). Waiver aside, the court notes that it has previously addressed defendants' arguments regarding personal involvement, immunity, and the Eleventh Amendment in its order granting defendants' first motion to dismiss. Plaintiff has failed to amend his complaint to cure the defects of his first complaint as noted in that order. And as to plaintiff's allegations of discrimination and civil RICO claims, after review of the amended complaint and motion to dismiss briefs, the court finds plaintiff has failed to provide even a scintilla of facts to plausibly plead these claims.

**Defendant Creek County Sheriff's Office's motion to dismiss**
According to plaintiff's amended complaint, Creek County (Oklahoma) Sheriff's Office conspired with John Christenson Trucking and Diamond Leasing to arrest plaintiff. Plaintiff further argues in his response brief that defendant Creek County is not only liable for constitutional violations regarding the conspiracy to arrest him, he also alleges wrongful conviction claims and RICO claims. In its motion to dismiss, defendant Creek County makes the argument that the court lacks personal jurisdiction over it.

Defendant Creek County brings its motion to dismiss under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. Federal courts follow state law in determining bounds of jurisdiction over parties. *Walden v. Fiore*, 571 U.S. 277 (2014). "The Illinois long-arm statute requires nothing more than the standard for federal due process: that the defendant have sufficient contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *John Crane, Inc. v. Shein Law Center, Ltd.*, 891 F.3d 692, 695 (7th Cir. 2018) (quotations marks and citation omitted).

Personal jurisdiction may be either general or specific. *Northern Grain Marketing, L.L.C. v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014). "The threshold for general jurisdiction is high; the contacts must be sufficiently extensive and pervasive to approximate physical presence." *Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010). "As such, isolated or sporadic contacts…are insufficient for general jurisdiction." *Id*. A defendant with "continuous and systematic" contacts with a state is subject to general jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). "Specific personal jurisdiction is appropriate where (1) the defendant has purposefully directed his activities at the forum state or

purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *Northern Grain Marketing*, 743 F.3d at 492 (quotation marks and citations omitted). "The defendant's conduct and connection with the forum state must be substantial enough to make it reasonable for the defendant to anticipate that he could be haled into court there." *Id*. The question is "whether the defendant has deliberately engaged in significant activities within the forum state, or whether it has created continuing obligations between itself and a resident of the forum." *Id*. at 493 (quotation marks and citations omitted). The Supreme Court has further held that "mere injury to a forum resident is not a sufficient connection to the forum." *Walden*, 571 U.S. at 290. "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id*.

According to plaintiff's filings, plaintiff was arrested in Creek County, Oklahoma, on a warrant for charges lodged in DeKalb County, Illinois. He was held in Creek County for 17 days and then brought back to Illinois for prosecution. This is the extent of defendant Creek County's contacts with plaintiff. The court agrees with defendant Creek County that it lacks the required contacts with Illinois and, therefore, no general or specific jurisdiction exits. First, clearly the high threshold of general jurisdiction is not attainable. Defendant Creek County Sheriff's Office obviously has no "continuous or systematic" contacts with Illinois. Second, sufficient contacts between Creek County and Illinois likewise do not exists for purposes of specific jurisdiction. Defendant Creek County did not "purposely direct" its activities at Illinois by arresting an Illinois resident – plaintiff. Additionally, the alleged injury (plaintiff's arrest) did not arise out of any Illinois-related activity by Creek County. Plaintiff has failed to make a prima facia showing that defendant Creek County has "deliberately engaged in significant activities" with Illinois or "created continuous obligations" between it and plaintiff to find this court has personal jurisdiction over defendant Creek County. Defendant Creek County's motion to dismiss based on lack of personal jurisdiction is granted with prejudice.

**Conclusion**

For the foregoing reasons, the court grants defendants DeKalb County Sheriff's Office, DeKalb County State's Attorney's Office, former DeKalb County State's Attorneys Clay Campbell and Richard Schmack's motion to dismiss [45] with prejudice. The court grants defendant Creek County Sheriff's Office motion to dismiss [52] with prejudice. The court notes plaintiff was given the opportunity to cure defects in his complaint after the court granted the first motion to dismiss without prejudice. Plaintiff has failed to submit a complaint that can overcome the defenses and arguments presented by the defendants. Therefore, this case in now closed.

Date: 01/08/2020        ENTER:

*Philip G. Reinhard*
United States District Court Judge

Notices mailed by Judicial Staff. (LC)